IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. No.: 1:07-CR-00087-SRW |
| ) | |
| RANDY M. KEIPER ) | |

## PLEA AGREEMENT

**DEFENSE COUNSEL:**             **ANDREW M. SKIER**

**SPECIAL ASSISTANT U.S. ATTORNEY:**   **EMILY M. RUISANCHEZ**

### STATUTES CHARGED

18 United States Code Section 13 and Alabama Code Section 32-5A-191(a)(1)-(2), operating a motor vehicle while under the influence of alcohol.

### CHARGES TO WHICH DEFENDANT PLEADS GUILTY

Ala. Code § 32-5A-190
(a) Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard for the rights or safety of persons or property, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving.

Ala. Code § 13A-11-10
(a) A person commits the crime of public intoxication if he appears in a public place under the influence of alcohol, narcotics, or other drug to the degree that he endangers himself or another person or property, or by boisterous and offensive conduct annoys another person in his vicinity.

1

<u>18 U.S.C. § 13</u>

(a) Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

************************************************************************

Emily M. Ruisanchez, Special Assistant United States Attorney, and Andrew M. Skier, attorney for the Defendant, have, with the authorization of the Defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the Charge pending in the Information, and the Parties have reached a Plea Agreement. The Parties submit the Plea Agreement to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The Parties understand that if the Court does not accept the terms of the Plea Agreement the Defendant will be allowed to withdraw his plea of guilty and to proceed to trial.

## **ELEMENTS OF THE OFFENSES**

<u>Ala. Code § 32-5A-190</u>

1. Defendant drove a vehicle;

2. Defendant drove the vehicle carelessly and heedlessly in willful or wanton disregard for the rights or safety of persons or property, or without due caution

and circumspection; and

3. Defendant drove the vehicle at a speed or in a manner so as to endanger or be likely to endanger any person or property.

Ala. Code § 13A-11-10

1. Defendant appeared in a public place;

2. Defendant was under the influence of alcohol, narcotics, or other drug to the degree that he endangers himself or another person of property, or by boisterous and offensive conduct annoys another person in his vicinity.

18 U.S.C. § 13

1. Within or upon any of the places now existing or hereafter reserved or acquired as provided in 18 U.S.C. § 7, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district;

2. Defendant committed an act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission.

## GOVERNMENT'S PROVISIONS

1. Upon the Defendant entering of a plea of guilty to the offenses listed above, the Government will agree that the appropriate sentence is a fine of ~~five-hundred dollars ($500.00)~~ three-hundred dollars ($300.00) as to Count I, and two-hundred dollars ($200.00) as to Count II, with ∧and no period of incarceration.

2. The United States reserves the right to inform the Court and the Probation

3

Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the Defendant's background.

## DEFENDANT'S PROVISIONS

3. The Defendant agrees to the following:

   a. To plead guilty to the following charges: reckless driving (Ala. Code §32-5A-190; 18 U.S.C. §13) and public intoxication (Ala. Code §13A-11-10; 18 U.S.C. §13).

   b. To waive appeal and collateral attack, as detailed below.

## FACTUAL BASIS

4. On or about the 23rd of November 2006, at Fort Rucker, Alabama, in the Middle District of Alabama, RANDY M. KEIPER, did drive a motor vehicle carelessly and heedlessly in willful or wanton disregard for the rights or safety of persons or property, or without due caution and circumspection, in a manner so as to endanger or be likely to endanger any person or property, in violation of Title 18, Section 13, United States Code and Alabama Code Section 32-5A-190, and did appear in a public place under the influence of alcohol to the degree that he endangered himself or another person or property, in violation of Title 18, Section 13, United States Code and Alabama Code Section13A-11-10. Specifically, RANDY M. KEIPER drove to a security checkpoint, whereupon he was suspected of being impaired, and exited the vehicle without being asked or directed to do so by security personnel. Upon arrival of the Military Police, RANDY M. KEIPER was asked to perform field sobriety tests, which he refused. He was arrested and submitted a blood sample which showed his blood alcohol content to be .156

4

g/100mL of breath.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

5. Understanding that 18 U.S.C. § 3742 provides for appeal by the Defendant, the Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction and sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal or collaterally attack the conviction or the sentence on the ground of ineffective assistance of counsel or prosecutorial misconduct.

The Government does not waive its right to appeal the sentence imposed in this case. The Government does not waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(b), the Defendant is released from this waiver.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

6. The Defendant, before entering a plea of guilty to the Charge detailed in the Information, advises the Court that:

    a. The discussions between the attorney for the Government and the attorney for the Defendant towards reaching an agreed plea in this case have taken place with the

Defendant's authorization and consent.

  b. Defendant acknowledges that a breach of this plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that Defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the Defendant.

  c. The Defendant further understands that he must pay an assessment fee of twenty-five dollars ($25.00) *per Count* ~~on~~ the date of sentencing. [initials: SP RK AMJ]

  d. The Defendant understands that he has a right to be represented by an attorney at every stage of the proceedings.

  e. The Defendant understands that he has the right to plead not guilty and to be tried by a jury. At a trial, the Defendant understands that he would have the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, the right to call witnesses on his own behalf, and the right not to be compelled to incriminate himself. The Defendant understands that if he enters a plea of guilty there will not be a further trial of any kind, and that by his plea of guilty he waives the right to a trial either before a jury or before the Court.

  f. The Defendant understands that the Court may ask questions about the offense to which the Defendant pleads guilty, and he further understands that if he answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against him in a prosecution for perjury or false statement if the answers are not truthful.

  g. The Defendant understands and advises the Court that his consent to the

Plea Agreement as set forth herein and his guilty plea are voluntary and are not the result of any force or threats or of any promises apart from those contained in the Plea Agreement. The Defendant advises the Court that this Plea Agreement is the result of prior discussions between the attorney for the Government and the attorney for the Defendant, all conducted with the Defendant's knowledge, authorization and consent.

  h. The Defendant advises the Court that his understanding of this Plea Agreement is as set forth in this document.

  i. The Defendant advises the Court that he understands that the attorney for the Government can only make a recommendation as to the appropriate sentence to be imposed in this case, which recommendation is not binding on the Court.

  j. The Defendant advises the Court that he understands that evidence of a plea of guilty that is later withdrawn, or of an offer to plead guilty to the crime charged in the Information, or of statements made in connection with and relevant to said guilty plea or offer to plead guilty, shall not be admissible in any civil or criminal proceedings against the Defendant. However, the Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty that is later withdrawn, or of an offer to plead guilty to the crime charged in the Information, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the Defendant under oath, on the record, and in the presence of counsel.

  k. The Defendant is satisfied that Defense Counsel has been competent and effective in representing him.

  7. The undersigned attorney for the Government and for the Defendant represent to

the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the Defendant has advised him of the following: the Defendant's right to plead not guilty and to proceed to trial, and that by pleading guilty he waives his right to be tried by a jury or by the Court; the nature of the charge to which the Defendant is pleading guilty; the maximum possible penalty provided by law; that by pleading guilty the Defendant waives his right to confront and cross-examine witnesses against him and waives his right not to be compelled to incriminate himself. Further, the attorney for the Defendant has advised him that the Court may ask questions about the offense to which the Defendant is pleading guilty, and that if the plea is rejected or later withdrawn that the answers to such questions may not be used against the Defendant in any civil or criminal proceeding, except that, if the Defendant's answers are not truthful, they may later be used against him in a prosecution for perjury or false statement.

8. The Defendant understands that the Court will order the United States Probation Office to prepare a presentence investigation report for the Court.

This _12th_ day of March, 2008.

Respectfully submitted,
LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Emily M. Ruisanchez
Emily M. Ruisanchez
Special Assistant U.S. Attorney
Office of the Staff Judge Advocate
Soldier Service Center, Building 5700
Fort Rucker, Alabama 36362

9

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, ANDREW M. SKIER.

_____
Randy M. Keiper
Defendant

Date: 3/12/2008

_____
Andrew M. Skier
Attorney for the Defendant

Date: 3/12/08